961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Floyd W. HAWKINS, Defendant-Appellant.
 No. 91-5980.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1992.
 
 Before KEITH, Circuit Judge and LIVELY and TIMBERS,* Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Floyd W. Hawkins ("Hawkins"), appeals the district court's order denying his motion to apply to his case any order pertaining to the amount of drugs involved in a conspiracy where this court remanded the appeal of a co-conspirator for a finding as to the quantity of methamphetamine involved in the conspiracy. After careful review of the record below, we AFFIRM the district court's ruling.
 
 
 2
 The defendant, Floyd W. Hawkins, and six other individuals were indicted on September 6, 1988, by a federal grand jury.[1] The indictment charged Hawkins with: (1) conspiring to manufacture, possess with intent to distribute and distribute measurable quantities of methamphetamine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 846; (2) manufacturing approximately nine ounces of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) possession with intent to distribute approximately nine ounces of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. As part of a plea agreement, Hawkins pled guilty to the conspiracy charge and the remaining two counts of the indictment were dismissed.
 
 
 3
 Hawkins' Presentence Report calculated an offense level of 28 based on a quantity of 2.25 pounds of methamphetamine. The district court sentenced Hawkins to 121 months imprisonment and three years of supervised release. Hawkins appealed this determination alleging that the United States breached an agreement with him concerning the amount of methamphetamine to be used in calculating the appropriate guideline range. This Court found Hawkins' claim meritless.
 
 
 4
 However, Hawkins' co-conspirator, Bennie Brown,[2] alleged that the district court's determination of the quantity of methamphetamine was based on evidence which lacked sufficient indicia of reliability. The panel remanded the case to the district court for further proceedings to establish the quantity of methamphetamine involved.
 
 
 5
 Pursuant to this Court's remand order, the district court held a hearing on March 11, 1991, to determine the quantity of methamphetamine to be used in calculating Brown's sentence. Prior to the district court's ruling pursuant to the remand, Hawkins requested that the district court apply its ruling to him. The district court found that its original estimate of 2.25 pounds of methamphetamine was based on reliable evidence as presented at the sentencing hearing.
 
 
 6
 Notwithstanding the district court's finding that the original quantity estimate was correct, Hawkins filed this timely appeal claiming that the district court erred in refusing to apply its ruling on the quantity of methamphetamine for purposes of Brown's sentencing to him. The United States responds that this Court's remand order only applied to Brown, and therefore the district court correctly refused to apply its ruling on the quantity of methamphetamine to Hawkins. We agree with the government's position.
 
 
 7
 Hawkins, in his original appeal, "... alleg[ed] that the United States breached an agreement with him concerning the amount of methamphetamine to be used in calculating the appropriate guideline range." We explicitly held that this claim was meritless. In contrast, Hawkins' co-conspirator, Bennie Brown, "... allege[d] that the district court erred in concluding that three pounds of ephedrine could yield 2.25 pounds of methamphetamine, as such determination [was] based on evidence which lack[ed] sufficient indicia of reliability." The Court remanded for further findings on Brown's claim since the Court believed that the quantity of methamphetamine was based on evidence which lacked sufficient indicia of reliability. Because Hawkins neither raised the issue of the reliability of the evidence in the district court nor adopted Brown's argument, the remand order did not apply to Hawkins.
 
 
 8
 Accordingly, we AFFIRM the order entered by the Honorable Ronald E. Meredith, United States District Court Judge for the Western District of Kentucky.
 
 
 
 *
 The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 Hawkins is the only party to this appeal
 
 
 [2]
 Brown has appealed, in United States v. Brown, 91-5573, the district court's determination of the quantity made pursuant to this Court's remand order